No. 108, Orig.   NEBRASKA v. WYOMING ET AL.   The Court by order dated April 20, 1992 [503 U. S. 981], awarded the Special Master interim compensation and reimbursement of expenses. The Court also allowed the parties and the proposed intervenors/ *amici* to comment further on the Special Master's suggestion of a one-time special assessment of costs to the intervenors/*amici*.

Although different arguments have been advanced as to the appropriate amounts to be assessed, no party or proposed intervenor/*amicus* has objected to the propriety of including nonobjecting *amici* in the assessment.   We therefore do not reach the issue, deeming the parties to have agreed with the procedure. The Special Master found that the proceedings were expanded and made more costly by reason of *amici* participation, and the *amici* presumably acknowledge this to be the case.   In light of these considerations, the interim award to the Special Master shall be paid as follows:

(1) the State of Colorado, a party to this original action, is assessed the amount of $25,000, the amount recommended by the Special Master;

(2) the four proposed intervenors/*amici*, Basin Electric Power Cooperative, Central Nebraska Public Power and Irrigation District, the National Audubon Society, and the Platte River Whooping Crane Critical Habitat Maintenance Trust, are each assessed $5,000, an amount to which none have objected; and

(3) the remaining award is to be paid 40% by Nebraska, 40% by Wyoming, and 20% by the United States.

JUSTICE WHITE would adopt the recommendation of the Special Master respecting the allocation of his fees and expenses among the parties and the *amici*.   [For earlier order herein, see, *e. g.,* *ante*, p. 905.]

JUSTICE STEVENS, dissenting.

Because I do not believe that the Court has authority to assess costs against nonparties, I respectfully dissent from the order to the extent it provides for an assessment against *amici curiae*.[1]

---

[1] Cf. Comment, Protecting Defendant-Intervenors from Attorneys' Fee Liability in Civil Rights Cases, 23 Harv. J. Legis. 579, 588 (1986) ("Courts have consistently assumed that an amicus curiae is exempt from attorneys' fee liability"); *Chance* v. *Board of Examiners*, 70 F. R. D. 334, 340 (SDNY 1976).

I do not think that it is proper for the Court to justify its exercise of this authority on the basis of the *amici's* failure to object, especially when the assessment is for an interim payment to the Special Master in the course of an ongoing proceeding.[2]

---

[2] Cf. 2 Administrative Office of the United States Courts, Guide to Judiciary Policies and Procedures, Judicial Code of Conduct, Canons 3(C)(1)(a)–(e) and 3(D), pp. I–7, I–9 (1990) (limiting circumstances in which parties may waive judicial disqualification).